# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| O2COOL LLC, | : |
| | : |
| Plaintiff, | : |
| | :   Civil Action No. |
| v. | :   1:16-cv-03200-ELR-JCF |
| | : |
| ONE WORLD TECHNOLOGIES, INC. | : |
| and TECHTRONIC INDUSTRIES | : |
| NORTH AMERICA, INC., | : |
| | : |
| Defendants. | : |

## ORDER

This case is before the Court on the Motion To Compel A Complete Response To The Subpoena Directed To The Home Depot filed by O2Cool LLC ("O2Cool or "Plaintiff") (Doc. 1). For the reasons discussed below, the Court **DENIES** O2Cool's motion (Doc. 1).

## BACKGROUND AND PROCEDURAL HISTORY

This motion arises out of an intellectual property case pending in the United States District Court for the Northern District of Illinois. (*See* Doc. 1-1 at 2; Doc. 1-7). That lawsuit involves patent, trademark, and trade dress infringement claims brought by O2Cool, which alleges that products made by Techtronic Industries North America, Inc. and distributed by One World Technologies, Inc. infringe upon its own trademarks, trade dress, and patents. (*See id.*).

1

On January 6, 2016, Plaintiff served a third party subpoena on Home Depot U.S.A., Inc. ("Home Depot") (*see generally* Doc. 1-2; Doc. 1-3), requesting documents, including electronically stored information ("ESI"), relevant to Plaintiff's infringement claims.[1]  Home Depot's objections, filed on January 19, 2016, included an objection to Plaintiff's demand "to the extent it calls for any trade secrets or any confidential, proprietary, or competitively sensitive information," and an objection to Plaintiff's demand for "information that is not relevant to the claims or defenses in the above-styled action."  (Doc. 1-4 pg. 1-2 at ¶¶ 7, 8).  The underlying case is proceeding under a Protective Order "automatically entered" by the presiding district court in patent litigation matters.[2] (Doc. 1-1 at 17).

Shortly after receiving the subpoena, Home Depot notified Plaintiff that searches with the agreed-upon search terms repeatedly turned up non-discoverable documents that were "not responsive," irrelevant, unreadable, or "highly confidential."[3]  (*See* Docs. 1-10; 7-2; 7-4).  One of Home Depot's central concerns

---

[1] In March 2016, Plaintiff amended the subpoena, to which Home Depot made further objections.  (*See generally* Doc. 1-8).

[2] The protective order protects both parties and nonparties from harmful disclosures of confidential information by allowing them to designate documents produced in response to subpoenas with increasing categories of confidentiality.  (*See* Doc. 1-1 at 17).

[3] The parties are proceeding under a local rule of procedure in the Northern District of Illinois, Local Procedure Rule 2.6, which allows parties to negotiate the search

was the potential for revealing sensitive information about its suppliers to the parties in this case, who happen to be direct business competitors with those suppliers. (Doc. 7-1 at 12). Plaintiff communicated to Home Depot's counsel that it considered all the information turned up by the search terms "responsive," and therefore discoverable, (Doc. 1-11), and that any concerns about proprietary information were resolved by the parties' existing protective order. (Doc. 1-1 at 17). By August 29, 2016, Home Depot had "produced 1,616 of the 1,874 documents" Plaintiff requested under the ESI protocol, (Doc. 7-1 at 5). However, in doing so, Home Depot has made various redactions to protect information it represents is commercially sensitive. (*Id.* at 5).

The parties continued to negotiate about the scope of the data set being produced by Plaintiff's requested search terms. (*See* Doc. 1-9 at 2-3; Doc. 7-2 at 2-3; Doc. 7-3 at 2-3; 7-4 at 2; 7-5 at 2-4; 7-6 at 2). They specifically disagreed on whether Home Depot had complied with the ESI protocol rule in conducting reviews for responsiveness of the documents turned up by the search protocol. (Doc. 1-1 at 7). Consequently, Plaintiff filed this Motion To Compel A Complete Response To The Subpoena Directed To The Home Depot on August 11, 2016, in which it requested an Order from this Court compelling Home Depot to produce

---

terms to apply to a producing party's search for ESI in its internal database. (*See* Doc. 1-1 at 5).

the documents requested in the Subpoena without reviewing them for responsiveness after the initial ESI search, and without redacting information from them.  (*See generally* Doc. 1-1).  Home Depot responded in opposition to the motion, contending that its processes complied with the subpoena.  (Doc. at 6-12).  With briefing complete, the undersigned now turns to the merits of the motion.

## DISCUSSION

### I. Standards Applicable to Motion to Compel Production of Documents Pursuant to Subpoena

Federal Rule of Civil Procedure 45 governs production of documents by a non-party pursuant to a subpoena duces tecum.  A non-party commanded to produce documents "may serve on the party or attorney designated in the subpoena a written objection" to producing the documents requested.  FED. R. CIV. P. 45(d)(2)(B).  If that occurs, as is the case here, the serving party may then "move the issuing court for an order compelling production or inspection."  FED. R. CIV. P. 45(d)(2)(B)(i).

The scope of permissible discovery under Rule 45 is the same as that set forth under Rule 26(b)(1) and Rule 34.  *See Dering v. Serv. Experts Alliance LLC*, Civil Action No. 1:06-CV-00357-RWS2007, 2007 U.S. Dist. LEXIS 89972, at *6 ("[T]he scope of subpoenas for production of documents pursuant to Rule 45 'is the same as the scope of discovery under Rule 26(b) and Rule 34.' ") (quoting

*Commissariat a L'Energie Atomique v. Samsung Elec. Co.*, No. 8:06-mc-44-T-30TBM, 2006 U.S. Dist. LEXIS 39217, at *4 (M.D. Fla. June 14, 2006)).  This means that a party may use a Rule 45 subpoena to gather "discovery regarding any non-privilege[d] matter that is relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).  Even with this broad standard, however, the proponent of a motion to compel discovery must still satisfy its "initial burden of proving that the information sought is relevant."  *Diamond State Ins. Co. v. His House, Inc.*, No. 10-20039-CIV, 2011 U.S. Dist. LEXIS 5808, at *5 (S.D. Fla. Jan. 18, 2011) (quoting *Peacock v. Merrill*, No. CA 05-0377-BH-C, 2008 U.S. Dist. LEXIS 3751, at *8 (S.D. Ala. Jan. 17, 2008)).

Finally, when seeking discovery through a motion to compel under Rule 45, the moving party is "not entitled to receive every piece of irrelevant information in responsive documents if the producing party has a persuasive reason for why such information should be withheld."  *In re Takata Airbag Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 46206, at *143 (N.D. Feb. 29, 2016).  Even when litigation is proceeding under a protective order, the protection of competitively sensitive information that is irrelevant to the litigation is a persuasive reason for withholding sought after information.  *See id.*  However, a court may compel the production of competitively sensitive data that could contain "highly relevant information" to the litigation.  *Id.* at *144.

## II.     Analysis of Plaintiff's Motion

Since Plaintiff filed its motion, the issues over which the parties disagree have shifted somewhat. Initially, Plaintiff insisted that Home Depot "produce all non-privileged documents responsive to the search terms agreed to by the parties arising from the subpoenas[.]" (Doc. 1-1 at 18). Since Home Depot produced its privilege log, Plaintiff's chief remaining contention is that Home Depot's redactions to documents produced in compliance with the Subpoena are improper because the parties' protective order renders them unnecessary. (Doc. 1-1 at 16, 17; Doc. 8 at 6). Home Depot responds that it has "fully complied with the Subpoena," and that its redactions properly limit "irrelevant, competitively sensitive information" (Doc. 11 at 2), and that revealing information in its redactions, even to the parties allowed under the protective order, would disclose "competitively sensitive information concern[ing] Home Depot's costs and margins for other competitors' products" to competing suppliers involved in this litigation. (Doc. 7 at 12). The Court agrees with Home Depot's position for several reasons.

First, Plaintiff has not satisfied its initial burden of showing that the unredacted versions of Home Depot's documents are relevant to this litigation. Though Plaintiff repeatedly argues that the redactions are unnecessary, it does not point to any reason why the type of information Home Depot has redacted is

6

relevant and thus within the scope of discovery.  (Doc. 8 at 6).  Home Depot has invited Plaintiff on multiple occasions to view unredacted examples of documents, (*see* Docs. 7-3 at 2; 7-4 at 2), but Plaintiff has failed to take Home Depot up on its many offers, instead insisting only that the redactions be removed entirely.  (Doc. 8 at 6).

Further, Home Depot has provided a persuasive reason for its redactions even in light of the existing protective order: that the documents Plaintiff seeks under the subpoena contain competitively sensitive information potentially harmful to its other suppliers, who in some cases are direct competitors to the parties involved in this litigation.  (*See* Doc. 7-3 at 3).  *See In re Takata Airbag Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 46206, at *144 (noting that a moving party under Rule 45 may not compel competitively sensitive information even where the parties are proceeding under a protective order and the information sought is contained within arguably responsive documents).

Plaintiff has given no indication as to why information contained in Home Depot's redactions is discoverable.  Merely arguing that Home Depot's redactions are unnecessary in light of the protective order is simply not enough to outweigh Home Depot's persuasive reason for redacting competitively sensitive information.  Further, in light of Plaintiff's failure to carry its initial burden of showing relevancy of the information Home Depot has redacted despite having access to

7

unredacted examples, Plaintiff naturally fails to show that the redacted information is "highly relevant" to this litigation. *See In re Takata*, 2016 U.S. Dist. LEXIS 46206, at *144 (allowing discovery of competitively sensitive discovery data where the court found it "could contain highly relevant information . . . in resolving the issues at hand"). Plaintiff's repeated contentions that the redactions are improper, unnecessary, and should be entirely removed fail to provide a concrete reason for the redacted information's relevancy to this case. (*See* Doc. 1-10 at 2; Doc. 8 at 6).

Because Home Depot has provided a persuasive reason for why it has redacted the information Plaintiff seeks, and because Plaintiff has failed to show why that information could otherwise be "highly relevant," the undersigned refuses to compel Home Depot to remove its redactions to the documents it has produced to Plaintiff. Plaintiff's motion to compel is therefore **DENIED**.

## CONCLUSION

Plaintiff's Motion To Compel A Complete Response To The Subpoena Directed To The Home Depot (Doc. 1) is **DENIED.**

**IT IS SO ORDERED** this 19th day of September, 2016.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge